IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,853-01






EX PARTE EDWARD EUGENE STIVERS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. F89-88442-N IN THE 195TH JUDICIAL DISTRICT COURT
OF DALLAS COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant pleaded guilty
to the offense of burglary of a habitation, and punishment was assessed at twenty-five years'
confinement. No direct appeal was taken. 

 Applicant contends that he is being improperly denied credit for almost four years he
spent out on parole, and that the denial of such credit is impermissibly extending his
sentence.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order the Texas Board
of Pardons and Paroles and/or the Texas Department of Criminal Justice, Institutional
Division to file an affidavit addressing whether Applicant has any convictions which would
render him ineligible for street time credits, whether Applicant has ever been released on
parole, and if so what the dates of his release, arrest, and revocation were. The affidavit
should also address whether Applicant received time credit toward the expiration of his
sentence for the period of time he spent out on parole. The trial court may also order
depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on
its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant's current burglary of a habitation conviction renders him ineligible
for street time credit, and if so, on what basis. If not, the court shall make findings as to
whether Applicant has other convictions which would render him ineligible to earn street
time credit. If the trial court finds that Applicant does not have any such conviction(s), the
court shall make findings as to whether Applicant met the "halfway point" on his sentence
while out on parole, and if so whether he was given street time credit for the time he was on
parole. The trial court shall also make any further findings of fact and conclusions of law
it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 21ST DAY OF JUNE, 2006.




EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.